# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID RICHARD WILSON, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1708-NAB |
| ) | |
| PEVELY POLICE DEPARTMENT and ) | |
| CHRISTY PENFIELD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff David Richard Wilson, II, a pretrial detainee currently housed at the St. Louis County Justice Center, to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's application to proceed in the district court without prepaying fees or costs states that he is not employed and has no source of income. He has not submitted a certified account statement as required by 28 U.S.C. § 1915(a)(2). Based on plaintiff's self-disclosed financial information, the Court will grant plaintiff leave to proceed without prepaying fees or costs in this action and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). Any claim that plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. Prior to this case being filed, a related underlying criminal case was filed against plaintiff in Missouri state court. *See State v. Wilson II*, Case No. 21JE-CR00306 (23rd Judicial Cir., Jefferson Cty. Cir. Ct.). Plaintiff was charged with three counts of domestic assault: two counts in the first degree and one count in the second degree. All three counts arise out of the alleged domestic assault occurring on September 16, 2019, which is the same incident upon

which plaintiff bases the allegations in his complaint. In this underlying state court criminal case, defendant Police Officer Christy Penfield signed a probable cause statement in which she stated she had probable cause to believe defendant committed one or more crimes of domestic assault on September 16, 2019.

Plaintiff's criminal case remains pending in the Missouri state court. He is represented by private counsel. Currently pending in plaintiff's underlying criminal case are a motion to dismiss, motions for discovery, motions to suppress, and motions for speedy trial. In particular, plaintiff filed pro se a "Motion to Dismiss with Prejudice for Lack of Validity of Lawful Complaint and Violation of Due Process." In this motion, plaintiff presents to the Missouri state court the same arguments he presents here, *i.e.*, that defendant Christy Penfield's probable cause statement was based only on hearsay from an unreliable source. This motion was filed by plaintiff in the state court on March 22, 2021. *See id.* (filed Mar. 22, 2021).

Also currently pending in plaintiff's underlying criminal proceeding is a motion by counsel requesting a preliminary hearing and for speedy trial. That motion was filed April 8, 2021. No trial date has been set in plaintiff's underlying criminal trial. *See id.*

### The Complaint

Liberally construed, plaintiff's complaint asserts claims for false arrest and false imprisonment as a result of an arrest occurring on September 16, 2019. He brings this action against the Pevely Police Department and Pevely Police Officer Christy Penfield. Both defendants are named in their official capacities only.

In the complaint, plaintiff alleges that he was brought to Jefferson County Jail upon release from St. Louis County Jail, on a warrant of domestic assault which occurred on September 16,

-3-

2019. Plaintiff alleges that the victim made false claims of domestic assault during a traffic stop and at a later police interview. Plaintiff states that instead of investigating the victim's claims "by reviewing surveillance video, knocking on neighboring doors to confirm any disturbance in adjoining [hotel] rooms," the defendants "enter[ed] into [a] conspir[acy] against constitutionally protected rights under color of state law." Plaintiff alleges that if the defendants had investigated surveillance video, they would have discovered that the victim's statements were unsupported.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for false arrest and false imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed

until the underlying criminal matter currently pending against plaintiff has been resolved through the state trial court, criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the Missouri state court proceeding against plaintiff in *State v. Wilson II*, No. 21JE-CR00306 (23rd Judicial Cir., Jefferson Cty. Cir. Ct.).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Wilson II*, No. 21JE-CR00306 (23rd Judicial Cir., Jefferson Cty. Cir. Ct.).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges pending against plaintiff in *State v. Wilson II*, No. 21JE-CR00306 (23rd Judicial Cir., Jefferson Cty. Cir. Ct.). This case may be reopened by plaintiff filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

Dated this 3rd day of May, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE